UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PHI HUE TRAN,<br><br>Petitioner,<br><br>v.<br><br>ERIC TAYLOR, et al.,<br><br>Respondent. | Civil Action No. 17-3305 (MCA)<br><br>MEMORANDUM & ORDER |

This matter having come before the Court on Petitioner's submission of a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his prolonged detention. In his Petition for relief, Petitioner states that he is currently detained at Hudson County Correctional Facility and alleges that he has been in post-final order of removal detention for more than six months. (ECF No. 1, Pet. at page 3.)

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000). Rule 4 requires a district court to examine a habeas petition prior to ordering an answer and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *See* Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b). Dismissal without the filing of an answer is warranted "if it appears on the face of the petition that petitioner is not entitled to relief." *Id.*; *see also McFarland*, 512 U.S. at 856.

The Court has examined the Petition and determined that dismissal prior to submission of an answer and the record is not warranted; however, the Court will dismiss the non-warden

respondents. "[I]n habeas challenges to present physical confinement – 'core challenges' – the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).

Petitioner also asks the Court to "Order Respondents to show cause, within three days of the filing of this petition, why the writ of habeas corpus should not be granted, and set a hearing on this matter within five days of Respondents' return on the order to show cause, in accordance with 28 U.S.C. § 2243."[1] (ECF No. 1, Pet. at 11.) As noted above, however, the Court has screened the Petition pursuant to Rule 4. The Rule 4 advisory committee notes expressly address the interplay between § 2243 and Rule 4:

> In the event an answer is ordered under rule 4, the court is accorded greater flexibility than under § 2243 in determining within what time period an answer must be made. Under § 2243, the respondent must make a return within three days after being so

---

[1] Section 2243 states, in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.
>
> The writ, or order to show cause shall be directed at the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.
>
> When the Writ or order is returned a day shall be set for hearing, not more than five days after the return unless for good cause additional time is allowed.

28 U.S.C. § 2243.

> ordered, with additional time up to forty days allowed under the
> Federal Rules of Civil Procedure, Rule 81(a)(2), for good cause. In
> view of the widespread state of work overload in prosecutors'
> offices, additional time is granted in some jurisdictions as a matter
> of course. Rule 4, which contains no fixed time requirement, gives
> the court the discretion to take into account various factors such as
> the respondent's workload and the availability of transcripts before
> determining a time within which an answer must be made.

Advisory Committee Notes to 1976 Adoption of Rule 4;[2] *See also Iremashvili v. Rodriguez*, No. CV 15-6320 (CCC), 2017 WL 935441, at *4 (D.N.J. Mar. 9, 2017) (analyzing same issue and finding that Rule 4, as the later-enacted statute, controls). Because the Court has screened the Petition pursuant to Rule 4, the Court will deny Petitioner's request for an OTSC to be issued within the timeframes outlined in § 2243 and will order Respondent to provide an Answer to the Petition within 45 days, which is the Court's usual practice.

**IT IS THEREFORE**, on this 7th day of June, 2017,

**ORDERED** that, in accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b), this Court has examined the Petition and determined that dismissal prior to submission of an answer and the record is not warranted; the Court, however, directs the Clerk of the Court to dismiss all non-warden Respondents from the case; and it is further

**ORDERED** that the Clerk of the Court shall serve copies of the Petition and this Order upon the Warden of Hudson County Correctional Facility, by regular mail, with all costs of service advanced by the United States; and it is further

---

[2] Rule 81(a)(2) was subsequently amended in 2002 to make it consistent with the Rules governing §§ 2254 and 2255. *See* Advisory Committee Notes to the 2002 Amendment to Rule 81.

3

**ORDERED** that the Clerk of the Court shall forward a copy of the Petition and this Order to Chief, Civil Division, United States Attorney's Office, at the following email address: USANJ-HabeasCases@usdoj.gov; and it is further

**ORDERED** that, within 45 days after the date of entry of this Order, Respondent shall electronically file a full and complete answer to said Petition, which responds to the factual and legal allegations of the Petition; and it is further

**ORDERED** that the answer shall state the statutory authority for Petitioner's detention, see 28 U.S.C. § 2243, and provide the relevant legal analysis; and it is further

**ORDERED** that Respondent shall raise by way of the answer any appropriate defenses which Respondent wishes to have the Court consider, including, but not limited to, exhaustion of administrative remedies, and also including, with respect to the asserted defenses, relevant legal arguments with citations to appropriate legal authority; and it is further

**ORDERED** that Respondent shall electronically file with the answer certified copies of the administrative record and all other documents relevant to Petitioner's claims; and it is further

**ORDERED** that all exhibits to the Answer must be identified by a descriptive name in the electronic filing entry, for example:
"Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX" or
"Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY"; and it is further

**ORDERED** that Petitioner may file and serve a reply in support of the Petition within 30 days after the answer is filed; and it is further

**ORDERED** that Petitioner's request for an OTSC within the timeframes outlined in § 2243 is **DENIED** for the reasons stated in this Memorandum and Order; and it is further

**ORDERED** that, within 7 days after any change in Petitioner's custody or immigration status, be it release or otherwise, Respondents shall electronically file a written notice of the same with the Clerk of the Court; and it is further

**ORDERED** that the Clerk of the Court shall serve this Order on Petitioner by regular mail.

_____
Madeline Cox Arleo, District Judge
United States District Court